FILED' 10 SEP 27 14:39USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES E. BARBER, JR.,

       Petitioner,

v.

MULTNOMAH COUNTY SHERIFF, et al.,

       Respondent.

CV. 10-1121-JE

ORDER TO DISMISS

KING, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is summarily dismissed, with prejudice. *See* Rule 4, Rules Governing Section 2254 Cases.

### BACKGROUND

Petitioner filed this action with a habeas petition in which he challenges a 2005 drug conviction from Whitman County, Washington which resulted in a 30-day sentence. He asks this court

1 - ORDER TO DISMISS

to determine whether the Washington State Supreme Court's interpretations of various state laws comply with the U.S. Constitution. He also asks this court to intervene in ongoing proceedings within Oregon pertaining to a fugitive warrant issued by the Whitman County Superior Court. Because the District of Oregon is not the proper venue for this case, the Petition is summarily dismissed.

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

## DISCUSSION

A litigant may file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 either in the district of confinement, or in the district wherein the state court was held which convicted and sentenced petitioner. See 28 U.S.C. § 2241(d). While petitioner resides in Oregon, he is not incarcerated within the

2 - ORDER TO DISMISS

District of Oregon.[1]  In addition, as noted in the Background, petitioner is not challenging an Oregon conviction.  Rather, he is challenging his conviction arising from a county within the Eastern District of Washington.  As a result, the District of Oregon is not the proper venue for petitioner to challenge his Washington convictions, and the court dismisses the Petition on that basis without prejudice to petitioner's right to refile his Petition in the appropriate jurisdiction.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is summarily DISMISSED without prejudice to petitioner's right to refile his Petition in the appropriate jurisdiction.  As a result, petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (#3) is DENIED.

IT IS SO ORDERED.

DATED this 27 day of September, 2010.

_____
Garr M. King
United States District Judge

---

[1] Even if petitioner were incarcerated in an Oregon jail, that detention would stem from a Washington detainer and would not require the court to retain this action and adjudicate the propriety of the Washington State Supreme Court's decisions. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 n.15 (1973).

3 - ORDER TO DISMISS